NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

MAR 18 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LESLIE MERARY GARCIA
SAMAYOA; SHEILY MIRELLA
LINARES GARCIA,

　　　　　　Petitioners,

　v.

PAMELA BONDI, Attorney General,

　　　　　　Respondent.

No. 23-3360

Agency Nos.
A220-466-196
A220-466-197

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 7, 2025**
Pasadena, California

Before: WARDLAW, CALLAHAN, and HURWITZ, Circuit Judges.

　　　Leslie Merary Garcia Samayoa ("Garcia") and Sheily Mirella Linares Garcia

("Linares") (together "Petitioners"), natives and citizens of Guatemala, petition for

review of a Board of Immigration Appeals ("BIA") decision dismissing their

---

　　　*　　This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

　　　**　　The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

appeal from an order of an Immigration Judge ("IJ") denying their petitions for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Petitioners also seek review of the BIA's denial of their ineffective assistance of counsel claim.

We have jurisdiction under 8 U.S.C. § 1252(a). "Where the BIA adopts and affirms the IJ's decision by citing *Matter of Burbano*, 20 I. & N. Dec. 872 (B.I.A. 1994), it is adopting the IJ's decision in its entirety." *Lezama-Garcia v. Holder*, 666 F.3d 518, 524 (9th Cir. 2011). Where the BIA cites *Burbano* and also provides its own review of the evidence and the law, we review both the IJ's and the BIA's decisions. *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022). We review legal conclusions de novo and factual findings for substantial evidence. *J.R. v. Barr*, 975 F.3d 778, 781 (9th Cir. 2020).[1] We deny the petition for review.

1. This case presents threshold questions as to whether Petitioners forfeited or abandoned their arguments on appeal as to (1) ineffective assistance of counsel and (2) the denial of asylum, withholding of removal, and protection under the

---

[1]    There is disagreement within the Ninth Circuit over the standard of review for determining whether a "particular set of facts does or does not rise to the level of persecution." *Fon v. Garland*, 34 F.4th 810, 816 (9th Cir. 2022) (Graber, J., concurring); *id.* at 820 (Collins, J., concurring); *compare Kaur v. Wilkinson*, 986 F.3d 1216, 1221 (9th Cir. 2021) (de novo), *with Villegas Sanchez v. Garland*, 990 F.3d 1173, 1179 (9th Cir. 2021) (substantial evidence). We need not resolve this issue, however, because no matter the standard of review, Petitioners' claims fail.

CAT. Federal Rule of Appellate Procedure 28(a)(8) requires an opening brief to provide argument containing, among other things, "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(8)(A). We have made clear that issues not "specifically and distinctly" argued in the opening brief may be deemed forfeited, *Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022) (as amended) (citation omitted), and "[i]ssues raised in a brief that are not supported by argument are deemed abandoned," *Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996).

The government argues that Petitioners abandoned their argument as to ineffective assistance of counsel. We disagree. Petitioners' opening brief presented at least one argument related to prior counsel's withdrawal of material evidence, which they claim prejudiced them in their immigration proceedings. Accordingly, Petitioners sufficiently raised this issue in their opening brief. *See Martinez-Serrano*, 94 F.3d at 1259–60.

The government similarly argues "Petitioners' opening brief does not meaningfully challenge dispositive bases for the agency's denial of their applications for asylum and related relief[,]" including "the agency's denial of their CAT protection claim." We again disagree. The opening brief argues the BIA erred in finding (1) the harm Petitioners claimed did not rise to the level of

persecution, (2) the proposed particular social group was not cognizable, (3) there was no nexus, and (4) that Petitioners failed to establish a clear probability of torture by or with the acquiescence of a government official. These arguments are sufficiently specific and distinct to fairly present them to this court. *See Hernandez*, 47 F.4th at 916.

2. We turn to the merits. The right to effective assistance of counsel in immigration proceedings stems from the Fifth Amendment's guarantee of due process. *See Mohammed v. Gonzales*, 400 F.3d 785, 793 (9th Cir. 2005). To assert ineffective assistance of counsel, a noncitizen must generally comply with the requirements set forth in *Matter of Lozada*, 19 I. & N. Dec. 637 (B.I.A. 1988). *See Melkonian v. Ashcroft*, 320 F.3d 1061, 1071–72 (9th Cir. 2003). Under *Lozada*, the noncitizen must "(1) provide an affidavit describing in detail the agreement with counsel; (2) inform counsel of the allegations and afford counsel an opportunity to respond; and (3) report whether a complaint of ethical or legal violations has been filed, and if not, why." *Id.* at 1072 (citing *Lozada*, 19 I. & N. Dec. at 639). However, "[t]he *Lozada* factors are not rigidly applied, especially where their purpose is fully served by other means." *Morales Apolinar v. Mukasey*, 514 F.3d 893, 896 (9th Cir. 2008).

It is undisputed that Petitioners did not comply with the requirements outlined in *Lozada*. The question then, is whether the alleged ineffectiveness is so

4                                          23-3360

plain on its face that Petitioners' noncompliance can be excused. *See Guan v. Barr*, 925 F.3d 1022, 1033 (9th Cir. 2019). Here, the alleged ineffectiveness relates to Petitioners' prior counsel withdrawing screenshots of threatening Facebook messages. Petitioners, however, cite no authority finding that such conduct would plainly constitute ineffective assistance. But even if it did, it was not prejudicial because the IJ took the messages into consideration when evaluating the petition. Therefore, the BIA did not err in finding no ineffective assistance of counsel based on Petitioners' failure to comply with the procedural requirements and failure to demonstrate prejudice.

3. Petitioners argue that the BIA erred in affirming the IJ's conclusions that (a) the harm they allegedly suffered did not rise to the level of persecution, (b) their proposed particular social group was not cognizable, and (c) there was no nexus between an alleged protected status and the harm.

a. Petitioners argue that the threatening Facebook messages and the three instances in which Garcia was followed and chased by motorcycles compels a finding of harm that rises to the level of persecution. "[T]hreats may be compelling evidence of past persecution, particularly when they are specific and menacing and are accompanied by evidence of violent confrontations, near-confrontations and vandalism." *Flores Molina v. Garland*, 37 F.4th 626, 634 (9th Cir. 2022) (citation omitted). Here, however, the IJ found that the threats were

nonspecific, there is uncertainty as to the target of the threats (Garcia or her mother), there was no vandalism, and the confrontations involved unknown and unspecified individuals. It is also unclear from the record whether the Facebook threats were connected to the motorcycles that followed and chased Garcia. The record, thus, does not compel a finding that the harm in this case rose to the level of persecution.

b. In finding that Petitioners' proposed particular social group, "Guatemalan Single Mothers Who Are Being Targeted by Criminal Organizations Because of Their Perceived Vulnerabilities," was not cognizable, the IJ found insufficient evidence regarding "the immutable characteristic, the particularity, [and the] social[] distinct[ion]" of this proposed group. We review de novo the legal question of whether a particular social group is cognizable, and we review underlying findings of fact, including determinations of social distinction, for substantial evidence. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1242 (9th Cir. 2020).

Petitioners "must show that the proposed social group is '(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question.'" *Id.* (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (B.I.A. 2014)). As the IJ accurately found, there is insufficient evidence in the record demonstrating that Guatemalan

6                                                    23-3360

society generally recognizes single mothers who are targeted by criminal organizations as a distinct group. Further, it is unclear if the status of being a "single" person would constitute an immutable characteristic. Therefore, the agency did not err in finding the proposed social group not cognizable.

      c. Even if the proposed particular social group was cognizable, the agency did not err in finding a lack of nexus between the harm and any protected ground. Petitioners must "show that there is a nexus between [the purported] mistreatment and a protected ground." *Khudaverdyan v. Holder*, 778 F.3d 1101, 1106 (9th Cir. 2015) (quotation marks and citation omitted); *see also Garcia v. Wilkinson*, 988 F.3d 1136, 1146 (9th Cir. 2021) (discussing the nexus requirement for withholding of removal). We review the agency's finding as to a persecutor's actual motive for substantial evidence. *Vasquez-Rodriguez v. Garland*, 7 F.4th 888, 893 (9th Cir. 2021).

Garcia asserts that she "was 'singled out' on account of her vulnerability as a single mother and thus a protected ground." But there is no evidence that the threatening Facebook message and the three instances where Garcia was followed and chased by motorcycles are connected to any protected status. The agency, thus, did not err in finding no nexus.

4. Finally, Petitioners argue the agency erred in denying them CAT protection. We review for substantial evidence the factual findings underlying the

BIA's determination that an applicant is not eligible for protection under the CAT. *Lalayan v. Garland*, 4 F.4th 822, 840 (9th Cir. 2021). Petitioners cite no case, and we have found none, that would support a finding that they faced a particularized threat of torture based on vague Facebook threats and three instances of being followed by unknown persons. Moreover, the evidence does not compel the conclusion that these events were committed (1) by the government, because the individuals are unknown, or (2) with the acquiescence of the government, because the record shows Garcia was able to file a police report without difficulty and with no additional incidents following. *See Ornelas-Chavez v. Gonzales*, 458 F.3d 1052, 1059 (9th Cir. 2006) ("Acquiescence of a public official requires that the public official, prior to the activity constituting torture, have awareness of such activity and thereafter breach his or her legal responsibility to intervene to prevent such activity" (citing 8 C.F.R. § 208.18(a)(7).).

**PETITION DENIED.**